UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO. _____

MIKE FOX;
NATHAN GANT;
JAMES SHAWN HUNTER;
KINDRA MUNTZ;
GREGORY NASON;
SUSAN PYNCHON;
JEFF RICHARDS; and
RYAN ROSS,
     Plaintiffs,

versus

KEN DETZNER, in his official capacity as
Florida Secretary of State;
MARIA MATTHEWS, in her official capacity as
Director of Florida Division of Elections;
DEBRA CLARK, in her official capacity as
Pinellas County Supervisor of Elections;
MICHAEL ERTEL, in his official capacity as
Seminole County Supervisor of Elections;
SUSAN GILL, in her official capacity as
Citrus County Supervisor of Elections;
LORI SCOTT, in her official capacity as
Brevard County Supervisor of Elections;
CHRIS H. CHAMBLESS, in his official
capacity as Clay County Supervisor of Elections;
ALAN HAYES, in his official capacity as
Lake County Supervisor of Elections;
VICKY OAKES, in her official capacity as
St. Johns County Supervisor of Elections;
MIKE HOGAN, in his official capacity as
Duval County Supervisor of Elections;
TOMMY DOYLE, in his official capacity as
Lee County Supervisor of Elections;
VICKY DAVIS, in her official capacity as

**Martin County Supervisor of Elections,**
**CRAIG LATIMER, in his official capacity as**
**Hillsborough County Supervisor of Elections,**
**BILL COWLES, in his official capacity as**
**Orange County Supervisor of Elections,**
**GERTRUDE WALKER, in her official capacity as**
**St. Lucie County Supervisor of Elections;**
**BRIAN CORLEY, in his official capacity as**
**Pasco County Supervisor of Elections;**
**R. JOYCE GRIFFIN, in her official capacity as**
**Monroe County Supervisor of Elections,**
     Defendants.
_____/

# COMPLAINT IN MANDAMUS AND REQUEST FOR EXPEDITED CONSIDERATION

## I.    PRELIMINARY STATEMENT

1.    This complaint seeks expedited relief to compel Florida elections officials to comply with their required duties to preserve election ballot materials for a period of twenty-two (22) months following every federal election. Florida elections officials are not preserving digital electronic ballot images for the November 6, 2018 general election, which includes a federal election for U.S. Senate and U.S. congressional elections. Plaintiffs have communicated with Florida elections officials in connection with this preservation requirement, and have confirmed that the required preservation of the digital electronic ballot images is not being and has not been implemented throughout the State of Florida in connection with the November

6, 2018 general election. Because of the scheduled statewide recounts commencing as soon as Sunday, November 11, 2018, the unpreserved digital ballot images are in danger of being obliterated and overwritten by the tabulation of recounted ballots.

2. Defendants Ken Detzner as Florida Secretary of State and the chief election officer for the State of Florida, and Maria Matthews as Director of the Florida Division of Elections have not carried out their duties to instruct and require county election supervisors to preserve all election materials as required by law. Specifically, Defendants have not instructed and refuse to instruct and properly require election officials to preserve digital ballot images created by digital voting machines used throughout the State of Florida.

3. As a result of Defendants' failure to comply with federal and state law requiring the preservation of all election materials for twenty-two (22) months, digital ballot images used for tabulating votes and possible post-election adjudication are in the process of being destroyed and overwritten following the November 6, 2018 general election for federal offices in Florida.

4. As a result of Defendants Detzner and Matthews' failure to instruct and require local election officials to preserve digital ballot images, many Florida counties are destroying and will continue to destroy ballot images, while some others are preserving them in accordance with law.

Consequently, throughout the State of Florida and within Florida congressional districts, there is unequal treatment of digital ballot images that are needed for election recounts, contests, and audits. Such disparate treatment violates voters' right to equal protection under the Fourteenth Amendment of the United States Constitution.

5. Defendants' failure to instruct Florida county election supervisors to preserve all election materials as required by Florida law, including digital ballot images, violates federal and state law, resulting in the destruction of digital ballot images, therefore infringing upon Plaintiffs' right to a fair and accurate election in violation of the Fourteenth Amendment to the United States Constitution.

6. Defendants Clark, Ertel, Gill, Scott, Chambless, Hayes, Oakes, Hogan, Doyle, Davis, Latimer, Cowles, Corley, Griffin, and other county Supervisors of Election are failing to ensure that digital ballot images created by Florida digital voting machines are preserved for at least 22 months as required by federal and state law.

## II. JURISDICTION AND VENUE

7. This is a civil rights action arising under 42 U.S.C. § 1983 and 52 U.S.C. § 20701, and the Fourteenth Amendment to the United States Constitution. The Court has jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 (federal question jurisdiction).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### III.   PARTIES

**A.   <u>Plaintiffs</u>**

9. Plaintiff Mike Fox is a resident of Pinellas County and resides within the 13$^{the}$ Congressional District. He is a registered voter in the State of Florida.

10. Plaintiff Nathan Gant is a resident of Seminole County and resides within the 7th Congressional District. He is a registered voter in the State of Florida.

11. Plaintiff James Shawn Hunter is a resident of Seminole County and resides within the 7th Congressional District. He is a registered voter in the State of Florida.

12. Kindra Muntz is a resident of Sarasota County and resides within the 17th Congressional District. She is a registered voter in the State of Florida.

13. Plaintiff Gregory Nason is a resident of Citrus County and resides within the 11th Congressional District. He is a registered voter in the State of Florida.

14. Plaintiff Susan Pynchon is a resident of Volusia County and resides within the 6th Congressional District. She is a registered voter in the State of Florida.

15. Plaintiff Ryan Ross is a resident of Broward County and resides within the 23rd Congressional District. He is a registered voter in the State of Florida.

### B. Defendants

16. Defendant Ken Detzner is Florida's Secretary of State. Maria Matthews is the Florida's Director of Elections. Detzner and Matthews each have the duty to follow and enforce federal and state laws as they pertain to elections and to provide instruction to local election officials regarding the carrying out of such laws, including the preservation of all digital ballot images created by voting equipment used in the State of Florida.

17. Defendant Debra Clark is the Pinellas County, Florida Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images created by voting equipment used in Pinellas County.

18. Defendant Michael Ertel is the Seminole County, Florida Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images

created by voting equipment used in Seminole County.

19.   Defendant Susan Gill is the Citrus County, Florida Supervisor of Elections. She has a duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images created by voting equipment in Citrus County.

20.   Defendant Lori Scott is the Brevard County, Florida Supervisor of Elections. She has a duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images created by voting equipment in Brevard County.

21.   Defendant Chris H. Chambless is the Clay County, Florida Supervisor of Elections. He has a duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Clay County.

22.   Defendant Alan Hayes is the Lake County, Florida Supervisor of Elections. He has a duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Lake County.

23.   Defendant Vicky Oakes is the St. Johns County, Florida Supervisor of Elections. She has a duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by

voting equipment in St. Johns County.

24. Defendant Mike Hogan is the Duval County Supervisor of Elections. He has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in Duval County.

25. Defendant Tommy Doyle is the Lee County Supervisor of Elections. He has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in Lee County.

26. Defendant Vicky Davis is the Martin County Supervisor of Elections. She has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in Martin County.

27. Craig Latimer is the Hillsborough County Supervisor of Elections. He has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in Hillsborough County.

28. Bill Cowles is the Orange County Supervisor of Elections. He has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in

Orange County.

29. Brian E. Corley is the Pasco County Supervisor of Elections. He has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in Pasco County.

30. Gertrude Walker is the St. Lucie County Supervisor of Elections. She has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in St. Lucie County.

31. R. Joyce Griffin is the Monroe County Supervisor of Elections. She has a duty to follow federal and state laws as they pertain to elections including the preservation of digital images created by voting equipment in Monroe County.

## IV.   STATEMENT OF FACTS

**A. Defendants Fail To Preserve Digital Ballot Images Created By Voting Equipment Used In Florida Elections.**

**i.   Defendants' Failure To Preserve Ballot Images Violates Federal and State Laws and Requirements To Preserve All Election Materials.**

32. All but three of the sixty-seven (67) counties in Florida use digital scan election equipment. Forty-eight (48) Florida counties use digital scan election equipment manufactured by Election Systems and Software

(ES&S) and sixteen (16) Florida counties use digital scan election equipment manufactured by Dominion Voting Systems. Palm Beach, Glades, and Jefferson Counties use an older version of optical scan election equipment manufactured by companies now owned by Dominion. Miami-Dade uses digital scan at the polling sites but optical scan to count mail-in ballots.

33. The digital scanner voting machines used in Florida count the digital images of the ballots rather than the paper ballots themselves. This is different from optical scanners that count the paper ballots. Because they are the counted ballots, ballot images produced by digital scanning voting equipment are in the chain of custody of the vote and constitute election material that must be preserved for twenty-two months in all federal elections under federal law and state law.

34. (a) The ES&S digital scan voting machines used throughout Florida provide three options on the machine with respect to the handling and preserving of digital ballot images:

- All Processed Images
- Processed Write-In Images Only
- None

(b) The recommended setting on the digital ballot voting machines is to preserve "All Processed Images," i.e. preserve all digital ballot images.

Therefore, election officials or there assignees must deliberately reset the machine to preserve "Processed Write-In Images Only" or preserve no ballot images rather than all digital ballot images.

35. According to information obtained by plaintiffs, Florida election supervisors or workers under their supervision in most counties in the state have been allowing and intend to allow the destruction of ballot images in the general election.

36. Florida election officials are required to preserve all election materials for twenty-two (22) months in federal elections under federal law (52 U.S.C. § 20701) and state law (Florida Statute 119; State of Florida General Records Schedule GS3 for Election Records, Page 3, #113 as authorized by Florida Statute §101.545)

37. Plaintiffs seek a writ of mandamus from this Court compelling Defendants Detzner and Matthews to instruct all Florida county election supervisors using digital scan equipment in the November 6, 2018 general election, the recounts, and in all elections thereafter to preserve all ballot images.

38. Due to the proximity of the statewide recounts and the likelihood that ballot images from the November 6 general election and impending recounts will be destroyed, Plaintiffs have no adequate remedy at law.

**ii.   The Failure Of Defendants To Instruct County Supervisors of Elections To Preserve Ballot Images Creates A Dual System In Which Some Election Officials in Jurisdictions Within A Congressional District Preserve Ballot Images While Election Officials In Other Jurisdictions Within The Same Congressional District Destroy Ballot Images Violating Voters' Equal Protection Rights Under The Fourteenth Amendment To the U.S. Constitution.**

39.   Defendants' refusal to instruct supervisors of elections to preserve ballot images allows those local officials to determine for themselves whether to preserve or destroy ballot images. As a result, a dual system has developed in which some election officials throughout Florida and within each of Florida's twenty-seven (27) Congressional Districts preserve ballot images while others within the state and the same Congressional Districts choose to destroy the ballot images. This dual system prevents ballot images in different counties from being treated in the same manner thereby violating voters' rights to equal protection under the Fourteenth Amendment to the U.S. Constitution.

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Federal and State Laws Require Preservation of Ballot Images**

40.   Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs 1-39 as if fully set forth herein.

41.   Digital scanners count digital images of the ballots rather than

paper ballots. Digital ballot images constitute counted ballots under federal and state law. Therefore, digital ballot images enter the chain of custody of the vote and constitute election material in a federal election that must be preserved for at least twenty-two months under federal law and state law.

42. In previous elections, for the November 6, 2018 general election, and for any impending machine recounts, Defendants have instructed or allowed, and are instructing or allowing election officials and workers under their supervision to destroy ballot images.

43. Defendants have an affirmative duty to preserve digital ballot images under 52 U.S.C. § 20701 which requires the retention of "all records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election, including ballots." Digital ballot images fall within the category of such election materials and must be preserved under 52 U.S.C. § 20701 because they are "counted ballots" used for tabulating election results.

44. Defendants have been and are violating Florida laws by instructing or allowing election officials and workers under their supervision to not save the digital ballot images following the November 6, 2018 general election, thereby resulting in their destruction. State of Florida General Records Schedule GS3 for Election Records, Item #113, authorized by Florida

Statute §101.545.

45. Without the preservation of digital ballots, Plaintiffs' rights to a fair and accurate election will be denied.

## SECOND CLAIM FOR RELIEF
### Fourteen Amendment to the U.S. Constitution

46. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs 1-39 as if fully set forth herein.

47. The Fourteenth Amendment to the U.S. Constitution guarantees equal protection of law.

48. Plaintiffs have a fundamental interest in having fair and accurate elections and equal treatment in the counting, recounting and auditing of their votes.

49. The Fourteenth Amendment requires that digital ballot images be treated in the same manner in all election jurisdictions within the State of Florida.

50. Defendants have violated Plaintiffs' rights under the 14th Amendment to equal treatment of digital ballot images in all election jurisdictions within the State of Florida by failing to instruct all local election officials to preserve ballot images for at least twenty-two months.

## VI.   PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully pray the Court for the

following relief:

    a.    That the Court assume jurisdiction over this action;

    b.    A declaration, judgment or order that digital ballot images are election materials and counted ballots as defined by federal and state law;

    c.    A temporary restraining order requiring Defendants to inform local election officials, directors, and registrars *that they are required* to preserve digital ballot images and associated electronic files of the November 6, 2018 general election, recounts, and audits;

    d.    A writ of mandamus ordering Defendants to preserve all digital ballot images from the November 6, 2018 general election, all federal elections, and any recounts from this time forward;

    e.    A judgment or order assessing the costs of this action against the Defendants;

    f.    A judgment or order awarding the Plaintiffs their reasonable attorney's fees, costs, and expenses.

Plaintiffs further pray that this Court set a date within 10 days of the execution of said restraining order for an evidentiary hearing on a preliminary injunction *prohibiting the destruction of the digital ballot images from the November 6, 2018 general election, recounts, and audits*.

Plaintiffs further pray that upon a final hearing of this cause, the Court

declare that Defendants have a duty to preserve and instruct local Florida election officials to preserve all digital ballot images and associated electronic files in the State of Florida.

Respectfully submitted on November 10, 2018.

| | |
|---|---|
| *S/ Benedict P. Kuehne* | *S/ Carl Christian Sautter* |
| **BENEDICT P. KUEHNE** | **CARL CHRISTIAN SAUTTER** |
| **KUEHNE DAVIS LAW, P.A.** | 3623 Everett Street NW |
| Miami Tower, Suite 3550 | Washington, DC 20008 |
| 100 S.E. 2nd Street | Indiana Bar No. 45-53 |
| Miami, Florida 33131-2154 | Tel: 202-285-7560 |
| Florida Bar No. 233293 | sauttercom@aol.com |
| Tel: (305) 789-5989 | Attorneys for Plaintiffs |
| Fax: (305) 789-5987 | |
| ben.kuehne@kuehnelaw.com | |
| efiling@kuehnelaw.com | |

## CERTIFICATE OF SERVICE

I certify that on November 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the CM/ECF and transmitted in accordance with CM/ECF requirements.

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**