UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MIKE FOX, et al.,

    *Plaintiffs*,

v.                                              Case No.  4:18cv529-MW/CAS

KEN DETZNER, in his official
capacity as Florida Secretary
of State, et al.,

    *Defendant*.
_____/

**ORDER DENYING PLAINTIFFS' REQUEST FOR WRIT OF MANDAMUS
AND MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiffs have filed an emergency complaint in mandamus. ECF No. 1. To the extent Plaintiffs seek a writ of mandamus, *see id*. at 15 (seeking a writ of mandamus), this Court cannot do so. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). However, a federal court lacks the general power to issue writs of mandamus to direct state officers in the performance of their duties when

mandamus is the only relief sought. *Moye v. Clerk, DeKalb Cty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).[1]

Plaintiffs also seek a temporary restraining order. ECF No. 1, at 15. They have not, however, complied with the requirements of Fed. R. Civ. Pro. 65. Specifically, Plaintiffs' attorney has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." While Plaintiffs attach summons to various supervisors of elections, they do not give reasons why notice should not be required.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' request for a writ of mandamus is **DENIED**.

2. Plaintiffs' motion for a temporary restraining order is **DENIED** with leave to amend in accordance with Rule 65.

**SO ORDERED on November 16, 2018.**

                                                           <u>s/Mark E. Walker</u>
                                                         **Chief United States District Judge**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981