MICHAEL FOX;
NATHAN GANT;
JAMES SHAWN HUNTER;
KINDRA MUNTZ;
GREGORY NASON;
SUSAN PYNCHON;
JEFFREY RICHARDS; and
RYAN ROSS,
     Plaintiffs,

versus

KEN DETZNER, in his official capacity as
Florida Secretary of State;
MARIA MATTHEWS, in her official capacity as
Director of Florida Division of Elections;
DEBORAH CLARK, in her official capacity as
Pinellas County Supervisor of Elections;
MICHAEL ERTEL, in his official capacity as
Seminole County Supervisor of Elections;
SUSAN GILL, in her official capacity as
Citrus County Supervisor of Elections;
PETER ANTONACCI, in his official capacity as
Broward County Supervisor of Elections;
LORI SCOTT, in her official capacity as
Brevard County Supervisor of Elections;
CHRIS H. CHAMBLESS, in his official
capacity as Clay County Supervisor of Elections;
ALAN HAYES, in his official capacity as
Lake County Supervisor of Elections;
VICKY OAKES, in her official capacity as
St. Johns County Supervisor of Elections;
MIKE HOGAN, in his official capacity as
Duval County Supervisor of Elections;
TOMMY DOYLE, in his official capacity as

Lee County Supervisor of Elections;
**VICKI DAVIS, in her official capacity as**
**Martin County Supervisor of Elections;**
**CRAIG LATIMER, in his official capacity as**
**Hillsborough County Supervisor of Elections;**
**BILL COWLES, in his official capacity as**
**Orange County Supervisor of Elections;**
**BRIAN E. CORLEY, in his official capacity as**
**Pasco County Supervisor of Elections;**
**GERTRUDE WALKER, in her official capacity as**
**St. Lucie County Supervisor of Elections;**
**R. JOYCE GRIFFIN, in her official capacity as**
**Monroe County Supervisor of Elections;**
**LORI EDWARDS, in her official capacity as**
**Polk County Supervisor of Elections,**
    **Defendants.**
_____/

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF, AND SEEKING A DEFENDANT CLASS ACTION CERTIFICATION[1]

## I.    PRELIMINARY STATEMENT

1.    This amended complaint seeks expedited relief to compel Florida elections officials to comply with their required duties to preserve election ballot materials for a period of twenty-two (22) months following every federal election. As demonstrated by the recent Florida general election and statewide recounts, Florida elections officials are not all preserving and have not preserved digital electronic ballot images for the just-ended November 6, 2018 general election,

---

[1]    Class Action is included in the caption pursuant to Local Rule 23.1 in the event the Court deems it necessary to certify a defendant class. *See infra* ¶¶ 35-40 *et seq.*

including the federal election for U.S. Senate and congressional districts, and the statewide recount. Plaintiffs have communicated with Florida elections officials in connection with this preservation requirement, and have confirmed that the required preservation of the digital electronic ballot images is not being done and was not implemented throughout the State of Florida in connection with the November 6, 2018 general election and subsequent recounts. Plaintiffs' information at this time is that thirty-four (34) Florida Counties do not save or preserve digital ballot images, despite the voting machines having the ready ability and existing technology to preserve the images. During the mandatory recounts in Broward County, the Broward County Canvassing Board ordered Broward County Supervisor of Elections Brenda Snipes to preserve all election materials, including hard drives from the voting machines that contain digital ballot images.[2] But in view of the gubernatorial suspension of Supervisor Snipes and the installation of her replacement by the Governor, the unpreserved digital ballot images contained on the hard drives are in danger of being destroyed. In addition, digital ballot images on hard drives from voting machines used throughout Florida are in danger of being destroyed unless the supervisors and the Florida Division of Elections are ordered to

---

[2] The transcript of the Broward County Canvassing Board reflecting the directive to the Broward SOE appears as Plaintiffs' Exhibit #1 to the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction filed in this matter, and incorporated herein.

preserve them as required by law.

2.     Defendants Ken Detzner as Florida Secretary of State and the chief election officer for the State of Florida, and Maria Matthews as Director of the Florida Division of Elections have not carried out their duties to instruct and require county election supervisors to preserve all election materials as required by law. Specifically, Defendants have not instructed and refused to instruct and properly require election officials to preserve digital ballot images created by digital voting machines used throughout the State of Florida.

3.     This Amended Complaint also asserts claims against a class of defendants comprised of the Supervisors of Elections of the 64 Florida counties in the State of Florida using digital voting equipment that create digital electronic ballot images ("Defendant Class").

4.     As a result of Defendants' failure to comply with federal and state law requiring the preservation of all election materials for twenty-two (22) months, digital ballot images used for tabulating votes and possible post-election adjudication that were created by digital voting machines during the November 6, 2018 general election and recounts for federal elections in Florida appear poised to be destroyed and overwritten.

5.     As a result of Defendants Detzner and Matthews' failure to instruct and require local election officials to preserve digital ballot images, many Florida

counties are destroying and will continue to destroy ballot images, while others are preserving them in accordance with law. Consequently, throughout the State of Florida and within Florida congressional districts, there is unequal treatment of digital ballot images that are needed for election recounts, contests, and audits. Such disparate treatment violates voters' right to equal protection under the Fourteenth Amendment of the United States Constitution.

6.    Defendants' failure to instruct Florida county election supervisors to preserve all election materials, including digital ballot images, violates federal and state law, resulting in the destruction of digital ballot images, therefore infringing upon Plaintiffs' right to a fair and accurate election in violation of the Fourteenth Amendment to the United States Constitution.

7.    The Supervisor of Elections defendants are failing to ensure that digital ballot images created by Florida digital voting machines are preserved for at least 22 months as required by federal and state law.

## II.    JURISDICTION AND VENUE

8.    This is a civil rights action arising under 42 U.S.C. § 1983 and 52 U.S.C. § 20701, and the Fourteenth Amendment to the United States Constitution. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to the claims occurred in this district.

### III.    PARTIES

**A.    <u>Plaintiffs</u>**

10.    Plaintiff Michael Fox is a resident of Pinellas County and resides within the 13<sup>the</sup> Congressional District. He is a registered voter in the State of Florida.

11.    Plaintiff Nathan Gant is a resident of Seminole County and resides within the 7th Congressional District. He is a registered voter in the State of Florida.

12.    Plaintiff James Shawn Hunter is a resident of Orange County and resides within the 7th Congressional District. He is a registered voter in the State of Florida.

13.    Plaintiff Kindra Muntz is a resident of Sarasota County and resides within the 17th Congressional District. She is a registered voter in the State of Florida.

14.    Plaintiff Gregory Nason is a resident of Citrus County and resides within the 11th Congressional District. He is a registered voter in the State of Florida.

15.    Plaintiff Susan Pynchon is a resident of Volusia County and resides within the 6th Congressional District. She is a registered voter in the State of Florida.

16.    Plaintiff Jeffrey Richards is a resident of Hillsborough County and resides within the 14th Congressional District. He is a registered voter in the State

of Florida.

17.    Plaintiff Ryan Ross is a resident of Broward County and resides within the 23rd Congressional District. He is a registered voter in the State of Florida.

**B.    Defendants**

18.    Defendant Ken Detzner is Florida's Secretary of State. Defendant Maria Matthews is Florida's Director of Elections. Detzner and Matthews each have the duty to follow and enforce federal and state laws as they pertain to elections and to provide instruction to local election officials regarding the carrying out of such laws, including the preservation of all digital ballot images created by voting equipment used in the State of Florida.

19.    Defendant Deborah Clark is the Pinellas County, Florida Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images created by voting equipment used in Pinellas County.

20.    Defendant Michael Ertel is the Seminole County, Florida Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images created by voting equipment used in Seminole County.

21.    Defendant Susan Gill is the Citrus County, Florida Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to

elections, including the preservation of digital ballot images created by voting equipment in Citrus County.

22.     Defendant Peter Antonacci is the Broward County Supervisor of Elections, appointed by the Governor to replace former Supervisor Brenda Snipes. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images created by voting equipment in Broward County.

23.     Defendant Lori Scott is the Brevard County, Florida Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital ballot images created by voting equipment in Brevard County.

24.     Defendant Chris H. Chambless is the Clay County, Florida Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Clay County.

25.     Defendant Alan Hayes is the Lake County, Florida Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Lake County.

26.     Defendant Vicky Oakes is the St. Johns County, Florida Supervisor of

Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in St. Johns County.

27.     Defendant Mike Hogan is the Duval County Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Duval County.

28.     Defendant Tommy Doyle is the Lee County Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Lee County.

29.     Defendant Vicki Davis is the Martin County Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Martin County.

30.     Defendant Craig Latimer is the Hillsborough County Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Hillsborough County.

31.     Defendant Bill Cowles is the Orange County Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Orange County.

32.     Defendant Brian E. Corley is the Pasco County Supervisor of Elections. He has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Pasco County.

33.     Defendant Gertrude Walker is the St. Lucie County Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in St. Lucie County.

34.     Defendant R. Joyce Griffin is the Monroe County Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Monroe County.

35.     Defendant Lori Edwards is the Polk County Supervisor of Elections. She has the duty to follow federal and state laws as they pertain to elections, including the preservation of digital images created by voting equipment in Polk County.

**C.     Defendant Class Action Allegations**

35.     Certifying a defendant class action may be unnecessary because an order enjoining the Florida Secretary of State ("SOS") and the Director of the Florida Division of Elections could have the effect of enjoining all 64 Florida Supervisors of Elections in counties using digital voting equipment. The Secretary of State's

Office from time-to-time issues guidance to Supervisors of Elections ("SOEs") statewide, who, on information and belief, follow the SOS's guidance. Further, Plaintiffs have named eighteen SOEs in counties that have openly acknowledged they are not preserving digital ballot images.

36.     Nonetheless, to the extent the Court deems it necessary or appropriate to join all 64 SOEs for the counties using digital voting equipment as parties to this suit, Plaintiffs identify claims against a class of defendants comprised of the 64 Supervisors of Elections using digital voting equipment in the State of Florida pursuant to Fed. R. Civ. P. 23(a) because:

a.      The members of the Defendant Class are so numerous that joinder of all of them is impracticable.

b.      There are questions of law and fact that are common to all members of the Defendant Class.

c.      In addition, to the extent the named SOE Defendants are representative of the interests of the other members of the Defendant Class, the claims and defenses of the SOE Defendants in this case are typical of the claims and defenses of the Defendant Class.

d.      The named SOE Defendants, as representatives of the Defendant Class, will fairly and adequately represent the interests of the Defendant Class.

37.     The case can be maintained as a class action pursuant to Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure because prosecuting separate actions against individual class members would create the risk of inconsistent or varying adjudication with respect to individual class members that would establish incompatible standards of conduct.

38.     Certification is also appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendant Class has acted or refused to act on grounds that will apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

39.     Joinder would be impracticable because there are 64 Supervisors of Election in counties using digital voting equipment. All 64 SOEs will share a common set of defenses available in this litigation challenging the failure to preserve digital ballot images as required by law.

40.     The claims of named Defendant SOEs will be typical of those of all counties using digital voting equipment. They will also be adequate representatives of the class. Because several of the named Defendant SOEs are in the largest counties in Florida, they will also have superior resources to litigate this matter.

# IV.    STATEMENT OF FACTS

**A. Defendants Fail To Preserve Digital Ballot Images Created By Voting Equipment Used In Florida Elections.**

**i.    Defendants' Failure To Preserve Ballot Images Violates Federal and State Laws and Requirements To Preserve All Election Materials.**

41.    All but three of the sixty-seven (67) counties in Florida use digital scan election equipment. Forty-eight (48) Florida counties use digital scan election equipment manufactured by Election Systems and Software (ES&S) and sixteen (16) Florida counties use digital scan election equipment manufactured by Dominion Voting Systems. Palm Beach, Glades, and Jefferson Counties use an older version of optical scan election equipment manufactured by companies now owned by Dominion. Miami-Dade uses digital scan at the polling sites but optical scan to count mail-in ballots.

42.    The digital scanner voting machines used in Florida count the digital images of the ballots rather than the paper ballots themselves. This is different from optical scanners that count the actual paper ballots. Ballot images produced by digital scanning voting equipment are in the chain of custody of the actual vote and constitute election material that must be preserved for twenty-two (22) months in all federal elections under federal and state law.

43.    (a) The ES&S digital scan voting machines used throughout Florida provide three options on the machine with respect to the handling and preserving of

digital ballot images. Those three options are to Save:

- All Processed Images

- Processed Write-In Images Only

- None

(b) Each machine has a software setting for selection of the option. The manufacturer-recommended default setting on the digital ballot voting machines is to preserve "All Processed Images." That setting preserves all digital ballot images. The selection of any other option requires elections officials or their assignees to deliberately reset the machine to preserve "Processed Write-In Images Only" or preserve no ballot images, rather than all digital ballot images.

44. According to information obtained by plaintiffs, including from November 17, 2018 official testimony of the then-Broward County Supervisor of Elections, Florida elections supervisors or staff members under their supervision in most Florida counties have been allowing and allowed the destruction of ballot images in the 2018 general election by the decision to not select the recommended option to preserve "All Processed Images." By failing to set voting machines to preserve "All Processed Images," the SOEs are destroying the ballot images rather than exporting them to the server for storage and preservation. Ballot images left on the voting machine hard drives that are not preserved are eventually written over or

cleared by elections staff.[3]

45.    Florida election officials are required to preserve all election materials for twenty-two (22) months in federal elections under federal law (52 U.S.C. § 20701) and state law (Florida Statute 119; State of Florida General Records Schedule GS3 for Election Records, Page 3, #113 as authorized by Florida Statute §101.545), both of which require ballot images to be retained for 22 months.

46.    Plaintiffs seek a declaratory judgment and a temporary injunction to be made permanent from this Court compelling Defendants Detzner and Matthews to instruct all Florida SOEs using digital scan equipment to preserve all ballot images from the voting machine hard drives from the November 6, 2018 general election, the statewide U.S. Senate recounts, and in all federal elections thereafter.

47.    Plaintiffs seek a declaratory judgment and a temporary injunction to be made permanent from this Court compelling Defendant SOEs using digital scan voting equipment to preserve all ballot images from the voting machine hard drives from the November 6, 2018 general election, the statewide U.S. Senate recounts, and

---

[3]    Craig Mendenhall, a contractor with the Broward County Supervisor of Elections, testified before the Broward County Canvassing Board on November 17, 2018, that Broward County preserves ballot images *only* for "write-ins." Brenda Snipes, then Broward County Supervisor of Elections, testified at the same Canvassing Board proceeding that "all the machines are capable of holding 'ballot images' (on the hard drive), but "sometimes they are written over." The transcript of the Broward County Canvassing Board appears as Plaintiffs' Exhibit #1 to the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Injunction filed in this matter, and incorporated herein.

in all federal elections thereafter.

48.    Due to the real and immediate likelihood that ballot images from the November 6 general election and U.S. Senate recounts will be destroyed, Plaintiffs have no adequate remedy at law.

**ii.    The Failure Of Defendants To Instruct County Supervisors of Elections To Preserve Ballot Images Creates A Dual System In Which Some Election Officials in Jurisdictions Within A Congressional District Preserve Ballot Images While Election Officials In Other Jurisdictions Within The Same Congressional District Destroy Ballot Images Violating Voters' Equal Protection Rights Under The Fourteenth Amendment To the U.S. Constitution.**

49.    The state defendants' refusal to instruct SOEs to preserve ballot images allows those local officials to determine for themselves whether to preserve or destroy ballot images. As a result, a dual system has developed in which some election officials throughout Florida and within each of Florida's twenty-seven (27) Congressional Districts preserve ballot images while others within Florida and even the same Congressional Districts choose to destroy the ballot images. This dual system prevents ballot images in different counties from being treated in the same manner, thereby violating voters' rights to equal protection under the Fourteenth Amendment to the U.S. Constitution.

# V.    CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
**Federal and State Laws Require Preservation of Ballot Images**

50.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs 1-49 as if fully set forth herein.

51.     Digital scanners count digital images of the ballots rather than paper ballots. Digital ballot images constitute counted ballots under federal and state law. Therefore, digital ballot images enter the chain of custody of the vote and constitute election material in a federal election that must be preserved for at least twenty-two (22) months under federal law and state law.

52.     In previous elections, in the November 6, 2018 general election, and in the U.S. Senate recounts, Defendants have instructed or allowed, and are instructing or allowing election officials and staff to destroy ballot images by not preserving them.

53.     Defendants have an affirmative duty to preserve digital ballot images under 52 U.S.C. § 20701 which requires the retention of "all records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election, including ballots." Digital ballot images fall within the category of such election materials and must be preserved under 52 U.S.C. § 20701 because they are "counted ballots" used for tabulating election results.

54.     Defendants have been and are violating federal and Florida laws by not instructing the saving and preservation of digital ballot images, and by allowing election officials and staff to not save the digital ballot images following the November 6, 2018 general election and statewide recounts, thereby resulting in their destruction. State of Florida General Records Schedule GS3 for Election Records, Item #113, authorized by Florida Statute §101.545.

55.     Without the preservation of digital ballots, Plaintiffs' rights to a fair and accurate election are being and will continue to be denied.

## SECOND CLAIM FOR RELIEF
### Fourteenth Amendment to the U.S. Constitution

56.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs 1-49 as if fully set forth herein.

57.     The Fourteenth Amendment to the U.S. Constitution guarantees equal protection of the law.

58.     Plaintiffs have a fundamental interest in having fair and accurate elections and equal treatment in the counting, recounting, and auditing of votes.

59.     The Fourteenth Amendment requires that digital ballot images be treated in the same manner in all election jurisdictions within the State of Florida.

60.     Defendants have violated and continue to violate Plaintiffs' rights under the Fourteenth Amendment to equal treatment of digital ballot images in all election jurisdictions within the State of Florida by failing to instruct local election

officials to preserve ballot images for twenty-two (22) months, and by allowing elections officials to not preserve the ballot images for the required period of time.

## VI.   PRAYER FOR RELIEF

For these reasons, Plaintiffs respectfully ask the Court for the following relief:

a.      Assume jurisdiction over this action;

b.      Certify the Defendant Class constituting all 64 Supervisors of Elections in Florida counties using digital voting equipment;

c.      A declaration, judgment, and/or order that digital ballot images are election materials and counted ballots as defined by federal and state law;

d.      An injunction to be made permanent requiring Defendants Detzner and Matthews to instruct local election officials, directors, and registrars that they are required to preserve digital ballot images and associated electronic files of the November 6, 2018 general election and the U.S. Senate recounts, and audits;

e.      An injunction to be made permanent requiring Defendant Supervisors of Election to preserve all digital ballot images from the November 6, 2018 general election, the 2018 U.S. Senate recounts, and all federal elections thereafter for twenty-two (22) months following a federal election, and to make those images available upon the filing of records requests;

f.      A judgment or order assessing the costs of this action against the Defendants;

g. A judgment or order awarding the Plaintiffs their reasonable attorney's fees, costs, and expenses.

Plaintiffs further ask that this Court set a prompt date for an evidentiary hearing on a preliminary injunction prohibiting the destruction of the digital ballot images from the machine hard drives from the November 6, 2018 general election, the U.S. Senate recounts, and audits.

Plaintiffs further ask that upon a final hearing, the Court declare that Defendants have a duty to preserve and instruct local Florida election officials to preserve all digital ballot images and associated electronic files in the State of Florida.

Respectfully submitted on December 26, 2018.

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
**KUEHNE DAVIS LAW, P.A.**
Miami Tower, Suite 3550
100 S.E. 2nd Street
Miami, Florida 33131-2154
Florida Bar No. 233293
Tel: (305) 789-5989
Fax: (305) 789-5987
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com

*S/ Carl Christian Sautter*
**CARL CHRISTIAN SAUTTER**
3623 Everett Street NW
Washington, DC 20008
Indiana Bar No. 45-53
*Pro Hac Vice to be Sought*
Tel: 202-285-7560
sauttercom@aol.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on December 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the CM/ECF and transmitted in accordance with CM/ECF requirements.

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**