UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION
CASE NO. 4:18cv529-MW/CAS

MICHAEL FOX;
NATHAN GANT;
JAMES SHAWN HUNTER;
KINDRA MUNTZ;
GREGORY NASON;
SUSAN PYNCHON;
JEFFREY RICHARDS; and
RYAN ROSS,
      Plaintiffs,

versus

KEN DETZNER, in his official capacity as
Florida Secretary of State;
MARIA MATTHEWS, in her official capacity as
Director of Florida Division of Elections;
DEBORAH CLARK, in her official capacity as
Pinellas County Supervisor of Elections;
MICHAEL ERTEL, in his official capacity as
Seminole County Supervisor of Elections;
SUSAN GILL, in her official capacity as
Citrus County Supervisor of Elections;
PETER ANTONACCI, in his official capacity as
Broward County Supervisor of Elections;
LORI SCOTT, in her official capacity as
Brevard County Supervisor of Elections;
CHRIS H. CHAMBLESS, in his official
capacity as Clay County Supervisor of Elections;
ALAN HAYES, in his official capacity as
Lake County Supervisor of Elections;
VICKY OAKES, in her official capacity as
St. Johns County Supervisor of Elections;
MIKE HOGAN, in his official capacity as
Duval County Supervisor of Elections;
TOMMY DOYLE, in his official capacity as

**Lee County Supervisor of Elections;**
**VICKI DAVIS, in her official capacity as**
**Martin County Supervisor of Elections;**
**CRAIG LATIMER, in his official capacity as**
**Hillsborough County Supervisor of Elections;**
**BILL COWLES, in his official capacity as**
**Orange County Supervisor of Elections;**
**BRIAN E. CORLEY, in his official capacity as**
**Pasco County Supervisor of Elections;**
**GERTRUDE WALKER, in her official capacity as**
**St. Lucie County Supervisor of Elections;**
**R. JOYCE GRIFFIN, in her official capacity as**
**Monroe County Supervisor of Elections;**
**LORI EDWARDS, in her official capacity as**
**Polk County Supervisor of Elections,**
    **Defendants.**
_____/

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION[1]

Plaintiffs seek entry of a preliminary injunction with notice to the defendants pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. The relief requested seeks a temporary injunction to be made permanent that directs (1) Defendants Detzner and Matthews to inform local election officials, directors, and registrars *that they are required* to preserve digital ballot images and associated electronic files of the November 6, 2018 general election and the U.S. Senate recounts, and audits; (2) Defendant Supervisors of Elections to preserve all digital ballot images from the November 6, 2018 general

---

[1]     Plaintiffs' supporting memorandum of law and fact accompanies this motion.

election, the 2018 U.S. Senate recounts, and all federal elections from hereon for twenty-two (22) months following a federal election, and to made those images available upon the filing of records requests.

1. Plaintiffs' Amended Complaint asserts that the State of Florida and the county Supervisors of Elections are failing to comply with mandatory federal and Florida law to preserve election balloting materials following the 2018 statewide federal election and recounts. The Amended Complaint asserts that the SOEs are not preserving digital electronic ballot images even though the preservation process requires only selecting an option by positioning a switch on the digital voting machines used throughout the State of Florida. By way of example, the then-Broward Supervisor of Elections recognized that digital ballot preservation was available, but the Broward voting machines were set to only retain write-in ballot images, and not preserve all other ballot images. This same process occurred in numerous other Florida counties.

2. The Amended Complaint further asserts that the Secretary of State and the Director of the Florida Division of Elections have failed and refused to instruct the SOEs as to their mandatory duty to preserve this requested elections material.

3. Preliminary injunctive relief is needed to protect these materials from the inevitable destruction that results from the failure to preserve the

digital images. Once these electronic materials are not preserved following an election, they will be removed from the election systems and overwritten by the further use of the voting equipment.

4. The relief sought is time sensitive because the statewide elections have concluded and the SOEs and the Secretary of State have made no arrangements for the preservation of the digital images, despite the legal requirement they be secured for a period of twenty-two (22) months. Once the images are destroyed, they can never be recovered.

5. The preliminary relief sought is cost effective because the digital images reside on the voting machines and are readily subject to being downloaded and copied on the computer equipment resident in each SOE office. The SOEs routinely and automatically save and download election materials onto their servers, but are failing to do this for the digital ballot images, despite the fact that the electronic data is readily available on the voting machines and the manufacturer's instructions provide an easy-to-save process for securing the information from destruction.

6. Rule 65(a) of the Federal Rules of Civil Procedure authorizes preliminary injunctive relief to compel Florida elections officials to comply with their required duties to preserve election ballot materials for a period of twenty-two (22) months following every federal election. As demonstrated by

the recent completed Florida general election and statewide recounts, Florida elections officials are not preserving and have not preserved digital electronic ballot images for the just-ended November 6, 2018 general election, including the federal election for U.S. Senate and congressional districts, and the statewide recount. Plaintiffs have communicated with Florida elections officials in connection with this preservation requirement, and have confirmed that the required preservation of the digital electronic ballot images is not being done and was not implemented throughout the State of Florida in connection with the November 6, 2018 general election and subsequent recounts.

7.  By way of example, during the mandatory recounts in Broward County, the Broward County Canvassing Board ordered Broward County Supervisor of Elections Brenda Snipes to preserve all election materials, including hard drives from the voting machines that may contain digital ballot images. But the statements of then-Supervisor Snipes and a consultant to the Broward County Supervisor of Elections demonstrate that only write-in digital ballot images are selected for preservation. Broward County is no different from the other Florida Counties in this respect, resulting in the digital ballot images that are contained on the hard drives being unpreserved, the consequence of which is the images will be destroyed or overwritten if a

preservation order is not entered.

8. In addition, digital ballot images on hard drives from voting machines used throughout Florida are in danger of being destroyed unless the supervisors and the Florida Division of Elections are ordered to preserve them as required by law.

9. In support of this motion, Plaintiffs are preparing for prompt filing a memorandum of law and fact addressing all necessary elements for the entry of the relief sought.

10. Plaintiffs seek leave to present 30 minutes of oral argument.

11. For these reasons, Plaintiffs seek entry of temporary injunctive relief as sought in this motion.

Respectfully submitted on December 26, 2018.

| *S/ Benedict P. Kuehne* | *S/ Carl Christian Sautter* |
|---|---|
| **BENEDICT P. KUEHNE** | **CARL CHRISTIAN SAUTTER** |
| **KUEHNE DAVIS LAW, P.A.** | 3623 Everett Street NW |
| Miami Tower, Suite 3550 | Washington, DC 20008 |
| 100 S.E. 2nd Street | Indiana Bar No. 45-53 |
| Miami, Florida 33131-2154 | *Pro Hac Vice to be Sought* |
| Florida Bar No. 233293 | Tel: 202-285-7560 |
| Tel: (305) 789-5989 | sauttercom@aol.com |
| Fax: (305) 789-5987 | Attorneys for Plaintiffs |
| ben.kuehne@kuehnelaw.com | |
| efiling@kuehnelaw.com | |

## CERTIFICATE OF SERVICE

I certify that on December 26, 2018, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the CM/ECF and transmitted in accordance with CM/ECF requirements.

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
