# Benedict P. Kuehne

| | |
|---|---|
| **From:** | McVay, Brad R. <Brad.McVay@dos.myflorida.com> |
| **Sent:** | Wednesday, October 31, 2018 12:14 PM |
| **To:** | Benedict P. Kuehne |
| **Cc:** | sauttercom@aol.com |
| **Subject:** | FW: Reminders for Upcoming Elections |

Mr. Kuehne,
A short time ago, the below communication was sent out to all Supervisors of Elections.

If you have further issues you would like to discuss, as always, I'm happy to schedule time for a phone call.

Thank you,

**Brad McVay**
Interim General Counsel
Florida Department of State
R.A. Gray Building
500 S. Bronough Street
Tallahassee, FL 32399-0250
Phone: 850-245-6511

Note: This response is provided for reference only and does not constitute a formal legal opinion or representation from the sender or the Department of State. Parties should refer to the Florida Statutes and applicable case law, and/or consult an attorney to represent their interests before relying upon the information provided.

In addition, Florida has a very broad public records law. Written communications to or from state officials regarding state business constitute public records. Public records are available to the public and media upon request, unless the information is subject to a specific statutory exemption. Therefore, any information that you send to this address, including your contact information, may be subject to public disclosure.

---

*Sent to all Supervisors of Elections –*

Dear Supervisors,

We are in the final stretch to Election Day and beyond. We offer a few reminders to ensure our elections go smoothly and that every eligible vote is counted. We ask that you also share this information with your canvassing board members as many of these reminders pertain to the canvassing board's responsibilities in the election:

**Canvassing Board Duties and Responsibilities**

*Canvassing ballots*

One of the primary duties of the canvassing board is the canvassing of ballots. It is important for the canvassing board to have established procedures and criteria for:
- Securing and handling returned voted ballots including preliminary review of ballot certificates, affidavits and comparison of signatures;
- Presenting unopened ballots for further canvassing to determine whether the ballot is legal and should be counted or not; and
- To record any action taken.

Please be sure to allot a reasonable time for challenges by the public. For example, those times could be set to occur before canvassing begins. The FSASE canvassing board manual contains valuable information including references to laws, rules, forms and charts, including matrixes for determining how and when to canvass and count provisional ballots and vote-by-mail ballots.

*Membership requirements for activities*
Additionally, I am re-attaching DE Reference Guide 0020 which details what the membership requirements are for canvassing board activities. Please share this document with your other canvassing board members.

In order to ensure there is continuity and relief for the canvassing board, as needed, it is also critical that substitutes and alternatives be appointed or designated well in advance as set forth in section 102.141, Fla. Stat.

*Election results reporting*
Not least of the canvassing board duties is to timely report results. The deadlines for reporting results are as follows:

- **Preliminary Election Night Results** – Starting at 7 pm local time on November 6, preliminary results including early voting and vote-by-mail ballots tabulated to date are due to be reported to the State. Then every 45 minutes thereafter, results updates are to be provided until completed.
- The **1st set of Unofficial Returns**\* is due no later than Noon, Saturday, November 10, 2018. (section 102.141(5), F.S.) These results determine whether a machine recount will need to be ordered for a local, county, multi-county, state or federal race.
- The **2nd set of Unofficial Returns**\* is due no later than 3 pm, Thursday, November 15, 2018. (section 102.141(7)(c), F.S.) These results determine whether a manual recount will need to be ordered for a local, county, multi-county, state, or federal race.
- **The Official Returns** are due no later than Noon, Sunday, November 18, 2018. (section 102.112(2), F.S.)

The **Elections Canvassing Commission** certifies the Official Returns at 9 am on Tuesday, November 20, 2018. (section 102.111, F.S.)

[\*Note: *We ask that you do not submit official returns ahead of a state's determination of whether a recount is needed in a multi-county, state or federal race.*]


**Mismatched and Missing Signatures**
The law provides a detailed procedure for a voter's right to cure a returned vote-by-mail ballot without a signed affidavit or with a signed affidavit in which the signature does not match the voter's signature on record.  As of 2017, the Supervisor of Elections is responsible for immediately notifying the voter that his or her signature is either missing or does not match what is on the voter registration record.  By whatever means of notification, be sure to either include a copy of or to direct the voter to the 'cure affidavit' (DS-DE 137 (ENG/SPN)) whether online or by paper. A voter has until 5 pm local time on the day before Election Day to submit such affidavit.  Procedures for mismatched and missing signatures is detailed in section 101.68(4), Fla. Stat.


**Provisional Ballots**
The law requires that provisional ballots be offered:

- Any time to any person who claims to be registered and eligible to vote but the person's eligibility cannot be determined;
- To any person whom an election official asserts is not eligible; and
- To any other person entitled under the Florida Election Code, including but not limited to when a person is unable to provide photo identification per section 101.043, Fla. Stat., at the polls.

Additionally, a provisional ballot is to be counted UNLESS the canvassing board determines by a preponderance of the evidence that the person was not entitled to vote. Please be sure to refresh yourselves, staff, poll workers, and canvassing board with procedures set out in section 101.048, Fla. Stat. and R1S-2.037, Fla. Admin. Code

**Public Records**
As a public records custodian, you are responsible for the records you/your office obtain or create. Remember that not only does the General Elections Retention Schedule GS-3 govern your records management, retention and disposition, but retention of records are also governed by federal law including but not limited to the law governing the retention and preservation of "records and papers which come into [your] possession relating to any application, registration . . . . . . or other act requisite to voting in such election." See also 52 U.S.C. 20701

Under Florida law, "public records" consist of: a) All "documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software or other material, regardless of the physical form, characteristics, or means of transmission" (includes electronic communications like Facebook postings, text messages, emails, blog comments, tweets). b) Made or received pursuant to law or ordinance or in connection with the transaction of official business c) By any agency [including a private entity acting 'on behalf of' a public agency] d) Which are used to perpetuate, communicate, or formalize knowledge. See e.g., section 119.011, Fla. Stat. Public records encompass paper or electronic form or medium.

If you have records that are the subject of a request, they may be public record and subject to public disclosure. Additionally, regardless of whether a record exists in your possession is a public record or not, and required or not required under law, be sure to refer to provisions under the Florida Public Records Law including but not limited to section 119.071, Fla. Stat. For those utilizing voting systems that are programmed to capture images of ballots as they are scanned, those images may be subject to retention requirements under the public records law. Supervisors of Elections should consult with their county attorney or legal counsel regarding any questions about public records, and the retention and/or disclosure of such records.

**Recounts**
A few machine and manual recounts in local, county-wide and multi-county jurisdictional races occurred during the Primary Election. As was discussed on the SOE monthly calls, it is important to be prepared for the possibility of a recount involving a local, state and/or federal contest in the General Election. One of the best proactive steps to take is to provide contingency public notice in the event a recount is ordered which will allow you, the staff, and canvassing board to start as soon as possible but no later than 18 hours after the order is issued.

The law and rules, however, provides detailed procedures for what triggers a recount, how to notice a recount, how to conduct a recount and when to report the results of a recount. The applicable laws and rules include but are not limited to the following:
- Section 102.141(7)-(8), Fla. Stat.
- Section 102.166, Fla. Stat.
- Rule 1S-2.027  Standards for Determining Voter's Choice on a Ballot
- Rule 1S-2.031  Recount Procedures
- Rule 1S-2.051  Standards for Determining Voter's Choice on a Federal Write-In Absentee Ballot

Our DE Reference Guide 0010 -  Recount Procedure Summary may also serve as a resource.

**In conclusion, we hope this information is helpful.**
As always, if you have any other questions, please do not hesitate to contact me.
Wishing the best to all of you and us for a successful election!


Respectfully,

Maria Matthews, Esq.
Division of Elections, Director
Florida Department of State
500 S. Bronough Street
Tallahassee, Florida 32399
850.245.6520 O
850.443.7730 C

Maria.matthews@dos.myflorida.com

This response is provided for reference only and does not constitute legal advice or representation. As applied to a particular set of facts or circumstances, interested parties should refer to the Florida Statutes and applicable case law, and/or consult a private attorney before drawing any legal conclusions or relying upon the information provided.

*Please note:* Florida has a broad public records law. Written communications to or from state officials regarding state business constitute public records and are available to the public and media upon request unless the information is subject to a specific statutory exemption. Therefore, your e-mail message may be subject to public disclosure.


The Department of State is committed to excellence.
Please take our Customer Satisfaction Survey.