**From:** Paul Lux
**Sent:** Thursday, November 1, 2018 9:13 AM
**To:** 'Matthews, Maria I.'; Labasky, Ron - FSASE Legal Counsel
**Cc:** 'Sarah.Revell@dos.myflorida.com'
**Subject:** RE: Who What Why: Transparency Advocates Score Victory in Florida
**Importance:** High

Maria,

I personally believe that these digital images are OSA. That is they become obsolete, are superseded (by the paper ballot as the record of the election under law), and lose administrative value once tabulation has occurred. If we did not do L&A testing before and a post-certification audit after each election, I might feel differently about the potential value of these images. In a state where activists like Ms. Pynchon were the driving force behind eliminating touch screen voting that had no paper trail—insisting that the paper ballot be the record of the election— I find the argument now made by the same group to be inconsistent. Given the lawsuit in Broward where retaining a digital image of the ballot while destroying the paper was determined to be a violation of federal law, "they" can't have it both ways.

The specific schedule they reference in the general schedule for retention in their initial request – GS3-114 – was specifically written to cover images created by touch screen voting machines that did not have any form of paper output to be the record of the election. Thus, it calls for the electronic images to be "printed out" or for the electronic images on the memory device to be retained. Their interpretation of what this schedule item covers is a gross over-simplification of its true intent. To quote their email, "a ballot image is a ballot image, regardless of form and regardless whether it is created by a DRE voting machine or a digital scan voting machine." This is their opinion and interpretation of what this schedule item means; mine obviously differs from theirs.

Your email stated, "For those utilizing voting systems that are programmed to capture images of ballots as they are scanned, those images may be subject to retention requirements . . . ." Although my system "has" that capability, it is not a functionality of the system that I employ—nor is it a requirement to use it based upon the certification. Irrespective of my system's ability to save or not save images, it is not "programmed" to do so therefore, I do not have any saved images in response to a public records request except for write-ins. Write-in images have administrative value and those images I will gladly retain and share with anybody. Clearly this group and I disagree on this point.

Chris Chambless forwarded this issue to Linda Bennett for comment. I believe, as Chris does, that making the changes proposed (in the attorney's threatening emails to Supervisors) to any active election media is dangerous and has the potential to cause a catastrophic failure of the central tabulation system on election night; or that it would require a complete replacement of election media. With over 25% of my electorate having already voted, this is not a chance I am willing to take.