## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

MIKE FOX, et al.,

      Plaintiffs,

v.

KEN DETZNER, in his official           Case No. 4:18-cv-00529-MW-CAS
Capacity as Florida Secretary of
State, et al.,

      Defendants.

_____/

## DEFENDANT PETER ANTONACCI'S AGREED MOTION TO EXTEND THE TIME FOR ALL DEFENDANTS TO RESPOND TO THE MOTION FOR PRELIMINARY INJUNCTION

Defendant Peter Antonacci, in his official capacity as Broward County Supervisor of Elections, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, respectfully moves to extend the time for all Defendants to respond to Plaintiffs' Motion for Preliminary Injunction (D.E. 30), until twenty (20) days after the disposition of the Defendants' Motions to Dismiss the Amended Complaint, and in support states as follows:

1.      On January 8, 2019, Supervisor Antonacci was served with the above-referenced Amended Complaint and Motion for Preliminary Injunction, which assert complex claims related to state and federal public records and voting laws.

2.     Upon motion by Defendant Peter Antonacci (D.E. 67), this Court previously extended the deadline for all defendants to respond to the Amended Complaint and Motion for Preliminary Injunction until February 12, 2019 (D.E. 68).

3.     As part of D.E. 67, Defendant Peter Antonacci indicated that the Defendant Supervisors of Elections ("SOE Defendants") were discussing a suitable mechanism to maintain any existing data/records pending the resolution of this litigation.  Since the filing of D.E. 67, the SOE Defendants with existing data/records have agreed with Plaintiffs to such a mechanism or otherwise represent that all existing data on the subject voting equipment will be preserved pending this litigation.

4.     With the agreement of counsel for the SOE Defendants, undersigned counsel conferred with counsel for Plaintiffs and counsel for the State officials named in this action regarding a unified briefing schedule for the Defendants' responses to the Motion for Preliminary Injunction.

5.     With the agreement of counsel for the SOE Defendants, the State officials named in this action, and Plaintiffs' counsel, Supervisor Antonacci respectfully requests the Court establish a unified response date of twenty (20) days after disposition of the Motions to Dismiss to respond to Plaintiffs' Motion for Preliminary Injunction.

6.     The requested relief will encourage consolidated briefing by similarly-situated parties to avoid repetitive briefing and serves the purpose of judicial economy by avoiding the review of extensive briefs relating to issues which may be disposed through Motions to Dismiss.

7.     This case is at its outset and is not set for trial.  The Court has not entered a case management and scheduling order.

8.     This extension of time is not sought in bad faith or for the purpose of undue delay.

WHEREFORE, Defendant Peter Antonacci, in his official capacity as Broward County Supervisor of Elections, respectfully requests that the Court enter an order on behalf of all Defendants extending the time in which Defendants may respond to the Motion for Preliminary Injunction until twenty (20) days after the disposition of the Motions to Dismiss to be filed by the Defendants in this case.

MEMORANDUM OF LAW

"A district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11thCir. 2009) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991)). Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that the Court may, for good cause shown, extend the specified time during which an act must be done.

3

Based on these authorities, and for the reasons stated above, Supervisor Antonacci respectfully moves the Court to extend the time in which all Defendants may respond to the Motion for Preliminary Injunction until twenty (20) days after the disposition of the Motions to Dismiss to be filed by the Defendants in this case.

## LOCAL RULE 7.1(B) CERTIFICATION

Before filing this motion, counsel for Supervisor Antonacci conferred with counsel for all SOE Defendants, counsel for the State officials named in this action, and counsel for Plaintiffs by telephone regarding the relief requested herein, and all such parties are in agreement with the requested relief.

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion and accompanying memorandum of law comply with the type-volume limitation found in Local Rule 7.1(F) because they contain a total of 718 words, inclusive of the Motion but excluding portions explicitly excepted from the word county limitation. I further certify that this brief was prepared utilizing 14-point Times New Roman font in compliance with the requirements of Local Rule 5.1(C).

Respectfully submitted this 8th day of February, 2019, by:

Andrew J. Meyers
Broward County Attorney
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: 954-357-7600

By:   /s/  *René D. Harrod*
René D. Harrod, Florida Bar No. 627666
rharrod@broward.org
Nathaniel A. Klitsberg, Fla. Bar No. 307520
nklitsberg@broward.org
*Counsel for Defendant Supervisor of Elections for*
*Broward County, Peter Antonacci*