# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

MIKE FOX, et al.,

      *Plaintiffs,*

v.                                Case No.  4:18cv529-MW/CAS

LAUREL LEE, in her official
capacity as Florida Secretary
of State, et al.,

      *Defendants.*

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This is a case about the preservation of election ballot materials. Plaintiffs allege that some supervisors of elections are not saving or preserving digital ballot images in violation of a federal statute, Florida law, and the Fourteenth Amendment. ECF No. 28, at ¶¶ 44–45. Defendants, the Secretary of State and various supervisors of elections, move to dismiss. This Court has considered, without hearing, Defendants' motions to dismiss. ECF Nos. 77 & 78. The motions are **GRANTED**.

# I

This Court first addresses Plaintiffs' federal statutory claim. In a word,

52 U.S.C. § 20701 does not confer a private right of action on Plaintiffs. The

law states, in relevant part:

> Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of . . . Member of the Senate, . . . are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election . . . . Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both.

52 U.S.C. § 20701. Additionally, the law provides that "upon demand in writing

by the Attorney General or his representative," any "record or paper required

by section 20701" shall be retained or preserved. 52 U.S.C. § 20703.

These provisions do not indicate Congress's intent to create a private

right or remedy. Instead, the enforcement mechanism appears to rest with the

Attorney General of the United States or his representative.

This court finds the reasoning in *Bursey v. South Carolina Election

Comm'n*, 2010 WL 3938390 (D.S.C. Oct. 4, 2010), persuasive. There, like here,

the plaintiffs relied on four factors to glean a private right of action from the

statute. *Id.* at *3; *Cort v. Ash*, 422 U.S. 66, 78 (1975) (outlining four factors to

determine whether a private right of action exists in federal statute). But more

recent Supreme Court precedent has departed from this four-factor analysis. Rather, the lodestar is congressional intent. Except when "congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Thompson v. Thompson*, 484 U.S. 174, 179 (1988). "For a statute to create such private rights, its text must be 'phrased in terms of persons benefited.'" *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 692 n.13 (1979)). "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ.*, 536 U.S. at 286.

Section 20701 identifies the people regulated but does not expressly or impliedly confer a right on Plaintiffs. Nor does Section 20701 identify a class of people whom the law benefits. *Cf. Gonzaga Univ.*, 536 U.S. at 284; *Alexander v. Sandoval*, 532 U.S. 275, 289 (2001) ("Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" (quoting *California v. Sierra Club*, 451 U.S. 287, 294 (1981)). Moreover, Plaintiffs do not provide any "strong indicia of contrary congressional intent," *Middlesex Cty. Sewerage Auth. v. Sea Clammers*, 453 U.S. 1, 15 (1981), instead relying on the four *Cort* factors. Absent these indicia, courts are loath to read rights or remedies from

3

a statute's silence. In short, while this Court is sympathetic to Plaintiffs' claims, Section 20701 does not provide them a private right of action.

## II

Plaintiffs also argue that their Fourteenth Amendment rights to equal protection have been violated. ECF No. 28, at ¶¶ 56–60. Because Section 20701 does not confer a federal right on Plaintiffs, their Fourteenth Amendment claim must also be dismissed.

"[O]nly unambiguously conferred rights, as distinguished from mere benefits or interests, are enforceable under § 1983." *Arrington v. Helms*, 438 F.3d 1336, 1343 (11th Cir. 2006) (citing *Gonzaga Univ.*, 536 U.S. at 283). Courts consider three factors when determining if Congress intended a statute to benefit plaintiffs in lawsuits seeking to enforce possible rights.[1] These factors are "whether the statute (1) contains rights-creating language that is individually focused; (2) addresses the needs of individual persons being satisfied instead of having a systemwide or aggregate focus; and (3) lacks an enforcement mechanism through which an aggrieved individual can obtain review." *Arrington*, 438 F.3d at 1343 (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1270 (11th Cir. 2003)).

---

[1] Whether Congress intended a law to benefit plaintiffs is the first of three prerequisites the Supreme Court identified in *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). It is the *Blessing* standard Plaintiffs cite here, *see* ECF No. 81, at 7–8, though the analysis regarding the first prerequisite is more complex.

Here, Section 20701 contains no rights-creating language. It does not contemplate the needs of individual people being satisfied; on the contrary, it has a systemwide or aggregate focus. Finally, the statute lacks an enforcement mechanism for an individual. Instead, it provides a fine or imprisonment and grants the Attorney General enforcement powers. After weighing these three considerations, this Court concludes that the law's lack of rights-creating language and its failure to contemplate the needs of individual persons being satisfied indicates Congress did not intend to benefit Plaintiffs. Therefore, there is no federal right to enforce under Section 1983.

### III

There is no federal private right of action and there is no federal right to enforce under Section 1983. This Court declines to exercise supplemental jurisdiction over Plaintiffs' pure state law claim. 28 U.S.C. § 1367(c)(3). Accordingly,

**IT IS ORDERED**:

1. Defendant Supervisors of Elections' Motion to Dismiss, ECF No. 77, is **GRANTED**.

2. Defendant Lee's Motion to Dismiss, ECF No. 78, is **GRANTED**.

3. Plaintiffs' Motion for Preliminary Injunction, ECF No. 30, is **DENIED as moot**.

4. The Clerk shall enter judgment stating "Plaintiffs' federal claims against Defendants are dismissed with prejudice and Plaintiffs' state claim is dismissed without prejudice."

5. The Clerk shall close the file.

**SO ORDERED on April 2, 2019.**

**s/Mark E. Walker**
**Chief United States District Judge**